## Case No. 14,324.

### An ULLAGE BOX OF SUGAR.

[1 Ware (350), 355.] [1]

District Court, D. Maine. Dec. Term, 1836.

CUSTOMS DUTIES — FREE ENTRY — SEA STORES — COLLUSION—SELLING AS MERCHANDISE —FORFEITURE.

1. What may be a reasonable allowance of goods to be made to a vessel, to be entered free of duty, as sea stores, is referred to the judgment of the collector and naval officer. where there is one, and in ports where there is none, to the collector alone.

2. If there be no reason for imputing collusion between the importer or master. and the officers of the customs, for the purpose of defrauding the United States of the duties, the decision of the collector is conclusive.

3. If an amount manifestly excessive were allowed. it might furnish a presumption of fraudulent collusion.

---

[1] [Reported by Hon. Ashur Ware, District Judge.]

4. If the importer takes goods from the vessel, which have been entered free of duty, as sea stores, and uses them as merchandise, as by offering them for sale, he will be liable to an action of debt for the duties; but the goods are not liable to forfeiture.

This was a case of seizure of an ullage box of sugar. Several other articles were seized in company with it. which were condemned on default, no person appearing to claim them. For the sugar, a claim was interposed by Messrs. Dunlap & Jewett. The facts disclosed by the evidence are that the sugar was imported into New York in the brig Frances Ellen, owned by the claimants. It was purchased in the West Indies by the master. without any order from them, for ship's stores. and was the only sugar on board the vessel. Part of it was used on the voyage, and the remainder was specified in the manifest as sea stores, and admitted to entry, as such, free of duty. A portion of what remained in the box when it was entered, making with what had been used about one hundred pounds, was taken out for the use of the brig. and the residue was shipped in the Orb, and consigned to the owners in Portland. The gross weight of the box originally was 500 pounds; excluding the tare, about 450 pounds of sugar. There was no evidence that the custom-house officers were deceived as to the quantity of sugar in the box, nor was there any suggestion of that kind made.

Dist. Atty. Anderson, for the United States. G. Jewett, for claimants.

WARE, District Judge. A forfeiture is claimed on the part of the United States, on two grounds:—First, because the quantity entered free of duty in this case, as sea stores, was excessive: secondly. because goods entered as sea stores cannot lawfully be appropriated to any other use. The provisions of the law relating to the entry of goods as sea stores, are found in the 45th section of the collection law of 1799 [1 Stat. 661]. That provides that "in order to ascertain what article shall be exempt from duty, as sea stores of a ship or vessel. the master, &c., shall particularly specify said articles in a report or manifest. &c.—designating them as sea stores of such ship or vessel; and in the oath to be taken by the master, on making such report, he shall declare that the articles so specified as sea stores are truly such, and are not intended by way of merchandise or for sale." But if it shall be the opinion of the collector and of the naval officer in ports where there is one, that the quantity of articles reported as sea stores is "excessive," he may in concurrence with the naval officer, or alone in ports where there is no naval officer, "estimate the amount of duty on such excess, which shall be forthwith paid by the master on pain of forfeiting the value of such excess." What may be a reasonable amount of goods to be allowed to a vessel as sea stores, must depend on circumstances, as the number of persons on board, and the facility with which supplies may be obtained in the business in which she is engaged. If she is employed in a trade in which the voyages are long, and where it is difficult to obtain supplies, a larger amount will be required; if in short voyages, less will be sufficient. A vessel bound to the Pacific Ocean will of course want more than one bound on an European voyage. It would not be easy to limit the amount to any precise and fixed measure. The law, therefore, refers the matter to the judgment and discretion of the officers of the customs. And it would seem from the tenor of the act, where goods are admitted to entry by them as sea stores, with a full knowledge of the amount, and where no deception has been practised, that their decision is conclusive, if the case is free from any imputation of collusion or fraud. If there should be admitted an amount manifestly exorbitant, and such as could not be presumed to be intended as sea stores, it would present a case deserving attention. A very considerable excess might of itself furnish strong ground to presume a collusion between the master and the officers of the customs, for the purpose of defrauding the United States of the duties. But if the case presents no grounds of suspicion. although a larger quantity may have been admitted to entry free of duty, than in the opinion of the court might seem to be necessary, and strictly proper, it is not easy to be seen where the court gets authority to revise the decision of the collector, unless the excess is so palpable and gross as to lead to the presumption of fraud and collusion. In the present case. the quantity admitted to entry as sea stores, is apparently quite liberal, but it is not so large that the court can be authorized to infer, from this circumstance alone. a fraudulent collusion between the master and the officers of the customs; and the quantity alone is the only circumstance of suspicion attached to the goods. It is understood, and such is the evidence. that the practice of the revenue officers in this particular is liberal towards the merchants; and, if a cask of molasses, a bag of coffee, or a box of sugar. has been broken open and partly used by the crew, that it is not unusual to pass it as sea stores, although the quantity may appear to be a large allowance for the use of the vessel. It is also in proof that in some ports there is greater liberality than in others, in this respect, which in a matter of pure discretion, may well be supposed to exist. without any imputation of a want of fidelity in the officers of the different ports.

It is also argued that goods entered free of duty, as sea stores, cannot be lawfully used for any other purpose. Certainly the language of the law, as well as the reason of the thing. leads to this conclusion. The master is required to swear that the goods entered as sea stores are truly such, and are not intended by way of merchandise, or for sale.

They are also entered as sea stores of the vessel in which they are imported, implying that they are intended for the use of that vessel, and not of another. The sugar having been separated from the vessel, it is said that it cannot be supposed to be intended for her use, but must be intended to be applied to other purposes. Granting the whole force of this argument—and it seems to be founded in a fair and reasonable construction of the statute—it does not follow that the goods are liable to forfeiture. The court cannot create penalties and forfeitures by implication. They must be found in the plain letter of the law, and not raised by inference and construction. Admitting that these goods are intended to be appropriated to other uses than those avowed by the master, the law does not annex to such an appropriation of them the penalty of a forfeiture of the goods. If the master specifies on his manifest a greater amount of goods, as sea stores, than the collector thinks ought to be allowed, he may demand immediate payment of the duties on the excess. If the duty is not paid, the penalty is not upon the owner or importer, but upon the master. The goods are not forfeited, but the master forfeits a sum equal to the value of the excess. And if the goods, having been passed as sea stores, are afterwards used as merchandise and for sale, the master, who knows and is party to the design thus to defraud the United States of the duties, may be liable to the penalty of false swearing. And if the owners take them and offer them for sale, they would be liable to an action for the duties. Whenever goods are imported which are liable to duty, and from accident, mistake, or fraud, the duties are not paid or secured, the importer does not become exempted from the debt. The duties accrue as a debt against the owner on the importation, and an action or information of debt will lie for the recovery of the duty. U. S. v. Lyman [Case No. 15,647]; U. S. v. Goodwin [Id. 15,229]. Whether the facts in proof are such, in this case, as to warrant the inference that this sugar is intended for sale, is a question on which it is unnecessary to express an opinion, as the duties cannot be recovered under this libel.

Decree of restoration—and certificate of probable cause of seizure.